Daniel J. Kornstein (DK-3264)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

RMM GROUP, LLC,                              :

       Plaintiff,                          :    07 CV 10482 (GBD)

    -against-                               :    ECF Case

CINEVISIONS, SEVEN ARTS                      :
PICTURES INC., SEVEN ARTS
PICTURES LIMITED, SEVEN ARTS                 :
PICTURES PLC and PETER HOFFMAN,
                                             :
      Defendants.
                                             :
-------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANTS SEVEN ARTS PICTURES PLC, SEVEN ARTS PICTURES INC. AND PETER HOFFMAN TO DISMISS THE COMPLAINT


### Preliminary Statement

The claims against Seven Arts Pictures plc ("PLC"), Seven Arts Pictures Inc. ("SAP"), and Peter Hoffman ("Hoffman") (together, the "Moving Defendants") should be dismissed pursuant to FRCP 12(b)(2) because none are subject to personal jurisdiction in the State of New York. The complaint should also be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief may be granted.

No Personal Jurisdiction

None of the Moving Defendants has a presence in New York for purposes of N.Y. CPLR § 301 general jurisdiction because none of them is a citizen of New York, none of them has any significant ties with the state, and none of them has engaged in any continuous or systematic course of doing business there.

Nor has any of the Moving Defendants transacted any business in New York with any articulable nexus to the claims alleged in the complaint as required to establish specific jurisdiction under N.Y. CPLR § 302 (a)(1). None of the Moving Defendants is a party to the Distribution Agreement dated April 4, 2002 among Will & Co. Productions Limited ("WCP"), CineVisions ("CV") and Seven Arts Pictures Limited ("SAL"). See Declaration of Peter Hoffman dated February 13, 2008 ("Hoffman Dec."), Ex. A (Exhibit 1 attached thereto). None of the Moving Defendants has agreed to assume any liabilities to plaintiff pursuant to the Distribution Agreement or otherwise executed or agreed to perform the Distribution Agreement. Nor have the Moving Defendants agreed directly or indirectly to Paragraph 4.4 of the Distribution Agreement under which SAL and CV consent to the jurisdiction of this Court (the "Jurisdiction Clause"). Id. ¶4.4.

No Claim

In addition to no personal jurisdiction, plaintiff has alleged no claim upon which relief may be granted against the Moving Defendants. The complaint does not and cannot allege that any of the Moving Defendants was a party to the Distribution Agreement or otherwise assumed any express or implied contractual duties to plaintiff, as the Distribution Agreement demonstrates. Plaintiff does not and cannot allege that the Moving

Defendants received any benefit from the actions or payments of plaintiff. As the Distribution Agreement and the allegations of the complaint make clear, all such benefits were realized by SAL and CV. Finally, plaintiff does not and cannot allege that Hoffman is the "alter ego" of CV or SAL. Hoffman transacted no business personally with respect to the Distribution Agreement or the Picture and received no part of the proceeds from distribution of the Picture. Hoffman Dec. ¶ 17.

For these reasons, this Court should dismiss the complaint as against the Moving Defendants.

## Statement of Facts

This is a simple action for breach of contract, but the Moving Defendants lack the contacts with this forum to justify bringing them into this Court. In considering this motion, this Court can, without converting it into a summary judgment motion, consider the accompanying declaration of Peter Hoffman, which consists only of indisputable facts furnished for the sole purpose of explaining why this Court lacks personal jurisdiction over the Moving Defendants. See Liberty USA Corp. v. Buyer's Choice Ins. Agency LLC, 386 F. Supp. 2d 421, 422 n.1 (S.D.N.Y. 2005) (when considering motion to dismiss based on lack of personal jurisdiction, court "is not confined to the Complaint but instead 'may refer to evidence outside the pleadings,' such as affidavits"); see also Mantello v. Hall, 947 F. Supp. 92, 95 (S.D.N.Y. 1996); Bensusan Restaurant Corp. v. King, 937 F. Supp. 295, 298 (S.D.N.Y. 1996).

No Moving Party Generally Present in New York

PLC is an English corporation with its principal place of business in London, England. Hoffman Dec. ¶ 5. SAP is a Nevada corporation with its principal place of business in Los Angeles, California. Id. at ¶ 7. Hoffman is an individual citizen of and resident of the State of California. Id. at ¶ 2.

None of the Moving Defendants has an office in New York; any bank accounts, real estate, or other property in New York; or any employees resident in New York. Id. at ¶¶ 4, 6 and 8. Nor has any of the Moving Defendants otherwise engaged in any continuous and systematic course of doing business in New York. Id. at ¶¶ 9-15. They have, in short, no ongoing presence here.

Negotiation and Performance of the Distribution
Agreement Occurred Substantially Outside of New York

The Distribution Agreement, regarding distribution of a motion picture entitled "I'll Sleep When I'm Dead" (the "Picture") only outside the United States and Canada, was negotiated between Hoffman, solely as a representative of CV and SAL, and representatives of WCP in the two to three months before April 4, 2002. Id. at ¶ 11. Under this agreement, CV and SAL arguably agreed to New York as a forum for resolving disputes. Id., Ex. A, Ex.1, ¶ 4.4. None of the Moving Defendants is a party to the Distribution Agreement. See id., Ex. A, Ex. 1.

In negotiating the Distribution Agreement, Hoffman, as an officer of CV and SAL, had certain telephone conversations and exchanged correspondence with representatives of WCP located in New York City, but traveled to New York on only one occasion to discuss the Distribution Agreement with representatives of plaintiff. Id. at ¶ 11. The principal "face-

to-face" negotiations with WCP occurred in Los Angeles. Id. at ¶ 11. During negotiations, Hoffman acted solely as an officer of SAL and CV and did not act in his own capacity. Id. at ¶ 13. SAP and PLC did not even exist as corporations when the Distribution Agreement was negotiated and executed and did not participate in any form in such negotiations and execution. Id. at ¶ 12.

The Distribution Agreement does not constitute a contract to provide goods or services in New York. Hoffman performed no actions in New York on behalf of SAL or CV in performance of the Distribution Agreement at any time. Id. at ¶ 13. Nor did he actively project himself into New York on behalf of SAL or CV; he only responded to certain comments and negotiations of WCP's representatives residing in New York. Id. at ¶ 13. Hoffman, as an officer of SAL and CV, had one or two telephone conversations with, and one meeting with, representatives of plaintiff, whose principals are residents of Massachusetts or Connecticut. Id. at ¶ 15. None of these communications had any connection with business authorities in the State of New York; they all related to delivery and release of the Picture, neither of which occurred in the State of New York. Id. at 11.

SAP and PLC took certain actions in connection with distribution of the Picture. Hoffman solely as a representative of SAL and CV had less than five telephone conversations with a representative of WCP in New York, all of which were initiated by WCP, and none of these conversations had any connection with business in the State of New York. Id. at ¶ 14. SAP and PLC had no contacts of any kind with plaintiff before the filing of this action. Id. at ¶ 15.

The Complaint

Plaintiff filed the complaint, annexed as Exhibit A to the Hoffman Declaration, on November 20, 2007. The complaint asserts three claims: breach of contract, breach of the implied covenant of good faith and fair dealing, and quantum meruit based on defendants' alleged failure to make certain payments under the Distribution Agreement.

The Moving Defendants now move to dismiss.

Argument

I

THIS COURT LACKS PERSONAL JURISDICTION OVER
MOVING DEFENDANTS BECAUSE NONE OF MOVING
DEFENDANTS HAVE A PRESENCE IN NEW YORK AND
NONE OF MOVING DEFENDANTS HAVE TRANSACTED
ANY BUSINESS WITH AN ARTICUABLE NEXUS
TO THE CLAIMS ALLEGED IN THE COMPLAINT

A.    Procedure For Establishing Personal Jurisdiction

The Court in Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 196-97 (2d Cir. 1990), set forth the proper procedure for ruling on motions under Rule 12(b)(2) requesting dismissal for lack of personal jurisdiction. See C.B.C. Wood Products, Inc., v. LMD Integrated Logistics Services, Inc., 455 F. Supp. 2d 218, 222 (E.D.N.Y. 2006), for application of this procedure. Plaintiff has the burden to demonstrate that the Court has jurisdiction over the Moving Defendants by a preponderance of the evidence and by application of the law of the forum state, here New York. See also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507, 510 (2d Cir. 1994); Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG, 160 F. Supp. 2d 722, 731 (S.D.N.Y. 2001); Mareno v. Rowe, 910 F.2d 1043,

1046 (S.D.N.Y. 1990). Where (as here) discovery has not occurred, plaintiff may only make this demonstration by a "prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence." C.B.C., 455 F. Supp. 2d at 222 (citation omitted). Here, plaintiff has made no allegation to support personal jurisdiction over the Moving Defendants of the sort required to establish personal jurisdiction under N.Y. CPLR §§ 301 and 302 (a)(1).

B.    No General Jurisdiction Under N.Y. CPLR § 301

To establish general personal jurisdiction over the Moving Defendants pursuant to N.Y. CPLR § 301, plaintiff must demonstrate that the Moving Defendants have a "presence" in the State of New York, which requires "a continuous and systematic course of 'doing business' [in New York]," Ball, supra, 902 F.2d at 198, quoting Frummer v. Hilton Hotels International, Inc., 19 N.Y.2d 533, 536, 281 N.Y.S. 2d 41, 43, cert. denied, 389 U.S. 923 (1967); see also Mareno, 910 F.2d at 1046; Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 77 N.Y.2d 28, 33, 563 N.Y.S.2d 739, 741 (1990). "[O]ccasional or casual business in New York does not suffice under Section 301." Ball, 902 F.2d at 198. The relevant factors in this inquiry are the "existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and presence of employees of the foreign defendants in the state." C.B.C., 455 F. Supp. 2d at 223, quoting Hoffritz for Cutlery, Inc. v. Amajac, Inc., 763 F.2d 55, 58 (2d Cir. 1985); see also Mareno, 910 F.2d at 1046; Landoil Resources Corp., 77 N.Y.2d at 33, 563 N.Y.S.2d 742.

Plaintiff has not alleged any of these factors and cannot do so with respect to any of the Moving Defendants. The facts applicable to

jurisdiction are set forth in detail in the Statement of Facts above and establish that none of Moving Defendants have any office, bank accounts or other property in the State of New York, do not solicit business in the State of New York, and have no employees in the State of New York.

C.    No Specific Jurisdiction Under N.Y. CPLR § 302(a)(1)

To establish specific personal jurisdiction over the Moving Defendants pursuant to N.Y. CPLR § 302(a)(1), plaintiff must demonstrate that the Moving Defendants each "transact[ed] any business within the state" that has "some articulable nexus" with the causes of action in the complaint. McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645 (1981); see also Jacobs, 160 F. Supp. 2d at 739; Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd., 956 F. Supp. 1131, 1134 (S.D.N.Y. 1997). To meet the "transacting business" test, "the defendant must actively "project" itself' into New York. . . ." C.B.C., 455 F. Supp. 2d at 225, following Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 308 N.Y.S.2d 337 (1970). "The relationship between the business conducted in New York and the claims alleged by a plaintiff must be direct." Krepps v. Reiner, No. 05 Civ. 0107(RWS), 2005 WL 1793540, at *4 (S.D.N.Y. Jul. 27, 2005); see also Jacobs, 160 F. Supp. 2d at 730.

Moreover, "telephone calls and correspondence sent into New York, by a non-domiciliary defendant [such as the Moving Defendants] who is outside New York, generally are insufficient to establish personal jurisdiction." Communications Partners Worldwide, Inc. v. Main Street Resources, No. 04 Civ.10003(PKL), 2005 WL 1765712, at *4 (S.D.N.Y. Jul. 26, 2005); see also Kahn Lucas Lancaster, Inc., 956 F. Supp. at 1135

("[C]ontacts through telephone calls, the mail, and by facsimile are usually insufficient to confer personal jurisdiction.").

Plaintiff has not alleged that Moving Defendants transacted any business in New York connected with plaintiff's claims and cannot so allege. SAP and PLC were not even in existence at the time the Distribution Agreement was negotiated. Hoffman did not enter into the Distribution Agreement as an individual; he acted only on behalf of SAL and CV in negotiations with WCP and during one brief encounter with plaintiff. While Hoffman, by necessity, responded to a few communications originating from New York, this does not rise to the level of "positively projecting" himself into the state as required by C.B.C.

Hoffman did not enter into the Distribution Agreement as an individual and acted only on behalf of SAL and CV as an officer in negotiations with WCP and one brief encounter with plaintiff. Hoffman has transacted no business personally with respect to the Picture or the Distribution Agreement and received no part of the proceeds from distribution of the Picture. Hoffman Dec. ¶17. The complaint makes no allegations that Hoffman is an "alter ego" of SAL or CV and cannot, as argued in Part III infra. In any event, any contacts Hoffman may have had with New York were not the result of him "positively projecting" himself into New York as required by C.B.C.

In addition, the "subject matter" of the Distribution Agreement, the delivery and distribution of the Picture, did not occur within New York. The Picture was physically delivered (months after the contractual due date) to CV and SAL in London and Los Angeles. None of CV and SAL's distribution activities (including those undertaken by Hoffman on their behalf) occurred in New York. See C.B.C., 455 F. Supp. 2d at 225-26

relying in <u>Worldwide Futgol Assoc., Inc. v. Event Entertainment, Inc.</u>, 983 F. Supp. 173, 177 (E.D.N.Y. 1997). The few contacts by Hoffman had on behalf of SAL and CV with a WCP representative based in New York in relation to distribution of the Picture were all a matter of happenstance. None were made on behalf of PLC or SAP. They took place by telephone and were all initiated by the WCP representatives.

These casual contacts and correspondence on their own are not sufficient to support "long arm" jurisdiction under New York law. <u>Kimco Exchange Place Corp. v. Thomas Benz, Inc.</u>, 34 A.D.3d 433, 434, 824 N.Y.S. 2d 353, 354 (2d Dept. 2006), emphasizes, in denying personal jurisdiction, the fact that New York was not the "focal point" of the contract in issue and that the defendants were not seeking to "take advantage of a field particular to New York." And the existence of the Jurisdictional Clause -- which Hoffman did not accept individually, and SAP and PLC did not accept at all, in any event -- is not enough to satisfy the "transacting business" test. <u>See, e.g.</u>, <u>Peter Lisec Glastechnische Industrie GmbH v. Lenhard Maschinenbau GmbH</u>, 173 A.D.2d 70, 72, 577 N.Y.S. 2d 803, 804 (1st Dept. 1991).

II

NONE OF MOVING DEFENDANTS IS
<u>BOUND BY THE JURISDICTION CLAUSE</u>

Plaintiff may argue that Moving Defendants are somehow bound by the Jurisdiction Clause in the Distribution Agreement as "successors in interest" to SAL and CV, even though none of the Moving Defendants executed or agreed to that Jurisdiction Clause, and SAP and PLC were not even in existence when the Distribution Agreement was executed. But there

is no basis in New York law for such a claim. The complaint does not allege that Hoffman is an "alter ego" of SAL or CV, and such allegations if made would not be sufficient to vest jurisdiction when no basis exists otherwise, since Hoffman did not execute or agree to the Jurisdiction Clause as an individual. Any "alter ego" claim against Hoffman must proceed in a court that has jurisdiction over him.

The New York courts have repeatedly held that "in the absence of an affirmative assumption, an assignee is not liable on any covenants or agreements by which the assignor may have bound himself, unless, of course, the obligation is a covenant which runs with the land." Hudson Engineering Assoc. D.C. v. Ames Development Corp., 228 A.D.2d 477, 478, 643 N.Y.S.2d 677, 678 (2d Dept. 1996) (citation omitted). See also Lachmar v. Trunkline LNG Co., 753 F.2d 8, 9-10 (2d Cir. 1985); Rosenthal & Rosenthal, Inc. v. John Kunstadt, Inc., 106 A.D.2d 277, 482 N.Y.S. 2d 287, 288-89 (1st Dept. 1984) (in both cases assignee not bound by arbitration clauses agreed by assignor). Here, there was in fact not even an assignment of the Distribution Agreement. Therefore, none of Moving Defendants is bound by the Jurisdiction Clause.

Whether or not there had been an assignment, the Moving Defendants would not be bound by the New York forum designation. GMAC Commercial Credit, LLC v. Dillard Department Stores, Inc., 198 F.R.D. 402, 406-67 (S.D.N.Y. 2001), discussing whether an assignee assumed the terms of a choice of forum clause, points out that New York law will not bind an assignee to the clause unless the assignee "sues to enforce" the terms of the contract. Here, the Moving Defendants are not suing to enforce the Distribution Agreement. Therefore, even if the Distribution Agreement

governed the Moving Defendants' behavior (which it does not), its Jurisdiction Clause would have no relevance here.

III

THE COMPLAINT FAILS TO STATE A CAUSE OF
ACTION UPON WHICH RELIEF MAY BE GRANTED

The complaint does not allege that Hoffman entered into the Distribution Agreement in any personal capacity, and Hoffman is not a party to the Distribution Agreement. See Hoffman Dec., Exhibit A. Nor are SAP and PLC. Id. There is therefore no basis for any express or implied contract liability against any Moving Defendant. Nor does the complaint allege that Hoffman personally received any benefit from the actions or payments of plaintiff; in fact, all such benefits were received by SAL and CV as corporations, not Hoffman personally or by SAP or PLC. Hoffman Dec., ¶ 16. The Distribution Agreement specifically excludes any third party beneficiaries not named in it (Hoffman Dec., Ex. A, Ex. 1 at ¶ 4.6), and Hoffman, SAP, and PLC are not so named.

CV and SAL were duly organized corporations at all relevant times, declined WCP's request for Hoffman to personally guarantee the performances of CV and SAL, and at all times and in distribution of the Picture transacted business with WCP through their corporate form. Hoffman personally received none of the proceeds from distribution of the Picture. Hoffman Dec., ¶ 17. Nor did SAP or PLC receive any such benefits. Therefore, there is no basis under New York law for a claim against Hoffman individually, or against SAP or PLC, even if this Court had personal jurisdiction over them to consider such a claim. See, e.g. Rosen v.

Watermill Development Corp., 1 A.D.3d 424, 225, 768 N.Y.S.2d 474, 475
(2d Dept. 2003) (dismiss cause of action against corporate president because
he acted solely in his corporate capacity as an officer); compare A.
Servidone Inc. v. Bridge Technologies LLC, 280 A.D.2d 827, 829, 721
N.Y.S.2d 406, 408 (3d Dept. 2001) ("failed to establish [alleged alter ego]
was a party to the contract").

      The complaint therefore does not state a claim upon which relief can
be granted against the Moving Defendants.

## CONCLUSION

      For the reasons given, the motion to dismiss should be granted.

Dated:     New York, N.Y.
          February 15, 2008

                      Respectfully submitted,

                      KORNSTEIN VEISZ WEXLER &
                        POLLARD, LLP

                      By: _____
                        Daniel J. Kornstein (DK-3264)
                      757 Third Avenue
                      New York, New York 10017
                      (212)418-8600
                      Attorneys for Defendants

Of Counsel:

Amy C. Gross