Daniel J. Kornstein (DK-3264)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
(212) 418-8600
Attorneys for Defendants CineVisions
And Seven Arts Pictures, Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| RMM GROUP, LLC, | 07 CV 10482 (GBD) |
| Plaintiff, | ANSWER |
| -against- | |
| CINEVISIONS, SEVEN ARTS PICTURES INC., SEVEN ARTS PICTURES LIMITED, SEVEN ARTS PICTURES PLC and PETER HOFFMAN, | ECF CASE |
| Defendants. | |

-------------------------------------------------------X

Defendants CineVisions ("CV") and Seven Arts Pictures Limited ("SAL") ("Answering Defendants"), by their attorneys, Kornstein Veisz & Wexler, LLP, answer the complaint as follows:

1.  Deny the allegations set forth in the first unnumbered paragraph of the complaint.

2.  Admit the allegations set forth in paragraph 1 of the complaint.

3.  Deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the complaint.

4.  Deny the allegations set forth in paragraph 3 of the complaint.

5.  Deny the allegations set forth in paragraph 4 of the complaint

6.  Deny the allegations set forth in paragraph 5 of the complaint, except the allegation that Seven Arts Pictures Inc. is Nevada corporation

with a place of business at 6310 San Vicente Boulevard, Suite 510, Los Angeles, CA 90048, which Answering Defendants admit.

7. Deny the allegations set forth in paragraph 6 of the complaint.

8. Deny the allegations set forth in paragraph 7 of the complaint except the allegation that Peter Hoffman resides at 1643 Queens Road, Los Angeles, CA 90069, which Answering Defendants admit.

9. Deny the allegations set forth in paragraph 8 of the complaint.

10. Admit the allegations set forth in paragraph 9 of the complaint solely to the extent of subject matter jurisdiction and deny any personal jurisdiction over any defendants except Answering Defendants.

11. Deny the allegations set forth in paragraph 10 of the complaint.

12. Deny the allegations set forth in paragraph 11 of the complaint, except the allegation that CV and SAL have in the past engaged in the business of leasing or licensing rights to motion pictures, which Answering Defendants admit.

13. Deny the allegations set forth in paragraph 12 of the complaint except the allegation that the Distribution Agreement granted to SAL and CV the right to lease or license to third parties outside of the United States and Canada all distribution rights to the Picture, which Answering Defendants admit.

14. Deny the allegations set forth in paragraph 13 of the complaint.

15. Deny the allegations set forth in paragraph 14 of the complaint.

16. Admit the allegations set forth in paragraph 15 of the complaint, but denies that such contractual provision is now an obligation of any defendant.

17. Deny the allegations set forth in paragraph 16 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint.

19. Deny the allegations set forth in paragraph 18 of the complaint.

20. Deny the allegations set forth in paragraph 19 of the complaint.

21. Incorporate by references the answers to paragraphs 1-19 of the complaint as if fully set forth herein.

22. Deny the allegations set forth in paragraph 21 of the complaint.

23. Deny the allegations set forth in paragraph 22 of the complaint.

24. Deny the allegations set forth in paragraph 23 of the complaint.

25. Incorporate by reference the answers to paragraphs 1-23 of the complaint as if fully set forth herein.

26. Deny the allegations set forth paragraph 25 of the complaint.

27. Deny the allegations set forth in paragraph 26 of the complaint.

28. Incorporate by reference the answers to paragraph 1-26 of the complaint as if fully set forth herein.

29. Deny the allegations set forth in paragraph 28 of the complaint.

30. Deny the allegations set forth in paragraph 29 of the complaint.

31. Deny the allegations set forth in paragraph 30 of the complaint and deny knowledge or information sufficient to form a belief as to amounts received by plaintiff.

## FIRST AFFIRMATIVE DEFENSE

32. The complaint fails to state a claim upon which relief can be granted as against Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

33. Plaintiff had no express or implied contractual relationship with Answering Defendants and therefore has no claim for breach of contract against Answering Defendants.

## THIRD AFFIRMATIVE DEFENSE

34. Plaintiff lacks standing to assert a claim against Answering Defendants based on alleged breach of a contract Answering Defendants had with Will & Co. Productions Limited ("WCP").

## FOURTH AFFIRMATIVE DEFENSE

35. Plaintiff was no more than an incidental beneficiary of the contract between WCP and Answering Defendants and therefore cannot assert a claim as an intended third-party beneficiary of that contract. The contract between WCP and Answering Defendants expressly excludes any third party beneficiary not named in the contract and plaintiff was not named in the contract.

## FIFTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims for breach of contract cannot be maintained because of a failure of consideration, material breach of contract by WCP, and failure of express conditions precedent to the obligations of Answering Defendants asserted by plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by the doctrine of laches and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

38. Plaintiffs' claims for damages are limited in whole or in part by its failure to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

39. Plaintiff's claim may not be asserted due to the absence of an indispensable party.

## NINTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims against Answering Defendants are barred in whole or in party by failure to comply with applicable law relating to express or implied sureties.

## TENTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

WHEREFORE, judgment should be entered in Answering Defendants' favor dismissing plaintiff's complaint in its entirety as against Answering Defendants, together with the costs and disbursements of this action.

Dated: New York, N.Y.
February 15, 2008

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

By: /s/ Daniel J. Kornstein
Daniel J. Kornstein (DK-3264)
757 Third Avenue
New York, New York 10017
(212) 418-8600
Attorneys for Defendants CineVisions
and Seven Arts Pictures Limited

TO: Scott R. Emery
LYNCH DASKAL EMERY LLP
264 West 40TH St.
New York, New York 10018
(212) 302-2400
Attorneys for Plaintiffs